Nathaniel L. Dilger (SBN 196203)
ndilger@onellp.com
Peter R. Afrasiabi (SBN 193336)
pafrasiabi@onellp.com
Joseph K. Liu (SBN 216227)
jliu@onellp.com
**ONE LLP**
23 Corporate Plaza, Suite 150-105
Newport Beach, CA 92660
Telephone: (949) 502-2780
Facsimile: (949) 258-5081

*Attorneys for Plaintiff,*
*Haptix Solutions LLC*

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**SOUTHERN DIVISION**

| | |
|---|---|
| HAPTIX SOLUTIONS LLC, a California limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>MSI COMPUTER CORP., a California corporation, and MICRO-STAR INTERNATIONAL CO., LTD., a Taiwanese limited company,<br><br>Defendant. | Case No. 8:25-cv-02354-JAK-JDE<br>Hon. John A. Kronstadt<br><br>**JOINT RULE 26(f) REPORT**<br><br>Hearing: Under Submission / No Hearing<br>Joint Report Due: March 13, 2026<br><br>Action Filed: October 17, 2025 |

Pursuant to Rule 26 of the Federal Rules of Civil Procedure, Local Rule 26-1, and this Court's January 21, 2026 Order Setting Scheduling Conference (Dkt. 23), Plaintiff Haptix Solutions LLC ("Plaintiff") and Defendants MSI Computer Corp. and Micro-Star International Co., Ltd. ("Defendants" or "MSI") (collectively, the "Parties") submit this Joint Rule 26(f) Report:

## A. STATEMENT OF CASE

**Plaintiff's Statement:**

This is an action for patent infringement of United States Patent No. US8,253,686 ("the '686 Patent" or "the Asserted Patent"), entitled "Pointing Apparatus Capable of Providing Haptic Feedback, and Haptic Interaction System and Method Using the Same." The '686 Patent was originally issued to the Electronics and Telecommunications Research Institute ("ETRI") and discloses various inventions of ETRI inventors Ki Uk Kyung, Jun Young Lee, Jun Seok Park, Chang Seok Bae, Dong Won Han, and Jin Tae Kim. Plaintiff Haptix is the exclusive licensee of the '686 Patent.

The '686 Patent describes and claims a unique system for an electronic stylus that provides haptic feedback to a user interacting with a computer / tablet touch screen. The stylus uses a wireless communication system to receive control signals and to provide haptic feedback to the stylus user. The figures below illustrate an




FIG. 5A




FIG. 5B

exemplary embodiment of the haptic stylus system described and claimed in the ’686 Patent:

Defendants make and sell electronic styluses and haptic interaction systems, including the “MSI Pen 2,” which Haptix alleges infringes at least Claim 1 of the ’686 Patent, as well as any other electronic stylus made, used, sold, offered for sale, and/or imported by Defendants having substantially the same construction and haptic features as “MSI Pen 2” (collectively, “Accused Haptic Pen”).

Haptix further alleges that Defendants (a) have long been aware of both the ’686 Patent and has been deeply interested in the technological features described and claimed in the that patent, (b) have long understood the importance of these features and even attempted itself to patent those features, and (c) given its extensive and repeated awareness of the ’686 Patent, Defendants have long been well aware that its Accused Products infringe that patent. For at least these reasons, Haptix contends that Defendants’ infringement of the ‘686 Patent has and continues to be willful, subjecting it to treble damages in accordance with 35 U.S.C. § 284 as well as an award to Haptix of its attorneys’ fees.

**Defendants’ Statement:**

Plaintiff is a non-practicing entity that alleges it is the exclusive licensee of the ’686 Patent. Defendants deny that they have infringed any valid claim of the ’686 Patent. Defendants further contend that the claims of the ’686 Patent are invalid and/or unenforceable. Defendants also dispute Plaintiff’s allegations regarding indirect and willful infringement and deny that Plaintiff is entitled to any damages or other relief.

Defendants assert numerous defenses, including non-infringement, invalidity under 35 U.S.C. §§ 101, 102, 103, and/or 112, limitations on damages, lack of standing, failure to mark, and other equitable defenses. Defendants intend to vigorously defend this action and reserve the right to assert additional defenses and counterclaims as discovery proceeds.

**B. <u>SUBJECT MATTER JURISDICTION</u>**

The Court has subject matter jurisdiction over this patent infringement action under 28 U.S.C. §§ 1331 and 1338(a)

**C. <u>LEGAL ISSUES</u>**

At this time, the parties identify the following key disputed legal issues: (1) the construction for terms used in the asserted claims of the ’686 Patent; (2) infringement or non-infringement of the asserted claims of the ’686 Patent; (3) validity or invalidity of the asserted claims of the ’686 Patent; (4) whether Haptix is entitled to damages from Defendants, and if so, what type and in what amount; (5) whether Defendants are entitled to prevail on any of its defenses; (6) whether any alleged infringement by Defendants have been willful; and (7) whether any party is entitled to enhanced damages, attorneys’ fees, and/or costs.

**D. <u>PARTIES, WITNESSES, AND EVIDENCE.</u>**

While the parties identify below potential witnesses and categories of potentially relevant documents/evidence, this case is at a preliminary stage and the issues are not yet fully developed and the parties’ investigations are ongoing. Accordingly, the parties anticipate the need to likely identify as this case proceeds additional witnesses, documents, and evidence beyond those listed below.

***Parties***

**Plaintiff:**

Plaintiff Haptix is a limited liability company organized and existing under the laws of California with a principal place of business located at 26522 La Alameda Avenue, Suite 360, Mission Viejo, California 92691. Haptix has no related parties or subsidiaries.

**Defendants**:

Defendant MSI Computer Corp. is a corporation that is organized and existing under the laws of the State of California, with an address at 901 Canada Court, City of

Industry, California 91748. Defendant Micro-Star International Co., Ltd. is a corporation organized and existing under the laws of Taiwan, with an address at No. 69, Lide Street, Zhonghe District, New Taipei City 235, Taiwan. Defendant Micro-Star International Co., Ltd. has no parent company, and Defendant MSI Computer Corp. is its wholly owned subsidiary. Defendants do not currently anticipate joining additional parties.

***Percipient Witnesses***

**Plaintiff:**

1. Farshad Farjami: Mr. Farjami is the principal of Plaintiff Haptix and likely has information regarding Haptix, Haptix's acquisition of rights to the '686 Patent, and the products here accused of infringement. Mr. Farjami can be contacted through counsel for Haptix.

2. Named Inventors of the '686 Patent: These individuals likely have information regarding the conception, reduction to practice, and subsequent patenting of the inventions disclosed and claimed in the '686 Patent. Haptix currently does not have contact information for these individuals.

3. Corporate Designee[s] for Defendants: The corporate designees for Defendant MSI and Microstar likely have information regarding the products here accused of infringement, including the design and sales of those products.

**Defendants:**

Defendants anticipate that percipient witnesses may include current and former employees of MSI Computer Corp. and Micro-Star International Co., Ltd. Defendants expressly reserve the right to identify additional witnesses as discovery proceeds.

***Key Documents***

**Plaintiff:**

1. Documents regarding the '686 Patent, including publicly available file history for that patent.

2. Documents regarding licensing of the '686 Patent.

3. Privileged materials regarding Haptix's investigation of Defendant's alleged infringement of the '686 Patent.

**Defendants:**

Defendants anticipate evidence will include documents related to the '686 Patent and its prosecution, documents and other material related to the Accused Product(s), and relevant prior art references. Defendants expressly reserve the right to rely on additional documents, materials, and other evidence as discovery proceeds.

## E. DAMAGES

**Plaintiff:**

Haptix requests an award of:

a) A declaration that MSI has directly infringed the '686 Patent either literally or under the doctrine of equivalents;

b) A declaration that MSI's infringement of the '686 Patent has been and is willful;

c) A declaration that MSI has induced infringement of and is contributorily infringing the '686 Patent either literally or under the doctrine of equivalents;

d) Awarding to Haptix reasonable royalty damages arising out of MSI's infringement of the '686 Patent to Plaintiff, together with prejudgment and post-judgment interest, in an amount according to proof;

e) As a consequence of MSI's willful infringement, trebling the foregoing damages award in accordance with 35 U.S.C. § 284;

f) Awarding attorneys' fees to Plaintiff pursuant to 35 U.S.C. § 285 or as otherwise permitted by law; and,

g) Awarding such other costs and further relief as the Court may deem just and proper.

**Defendants:**

Defendants deny that any infringement has occurred. Defendants also contend that the '686 Patent is invalid. Accordingly, Plaintiff is not entitled to any damages on

its claims. Defendants reserve the right to seek attorneys' fees, costs, and other sanctions.

**F. INSURANCE**

The parties do not believe that insurance coverage will apply in this matter.

**G. MOTIONS**

**Plaintiff:**

Haptix expects to later file summary judgment motion(s) on the issues of (1) patent infringement, (2) willfulness, and (3) no patent invalidity.

**Defendants:**

At this stage, Defendants do not foresee any issues that may be determined by motion practice. Defendants reserve their right to file one or more motions at the appropriate time.

**H. MANUAL FOR COMPLEX LITIGATION**

The Parties agree that the procedures contemplated by the manual for complex litigation are unnecessary for this dispute.

**I. STATUS OF DISCOVERY**

Pursuant to Fed. R. Civ. P. 26(a)(1)(C), the parties will exchange initial disclosures on or before March 23, 2026.

**J. DISCOVERY PLAN**

***Subjects of discovery:*** The general subjects upon which discovery may be needed are as follows: (1) claim construction, (2) patent infringement, (3) willfulness, (4) patent validity; (5) damages; and (6) Defendants' affirmative defenses.

The Parties expect discovery on at least the following subjects:

- The '686 Patent and prosecution thereof;
- The design, development, implementation and operation of the accused products
- Infringement or non-infringement of the '686 Patent by the accused products;
- Prior art, secondary considerations and other issues regarding the validity or

invalidity of the ’686 Patent;

- Ownership of the ’686 Patent;
- Conception and reduction to practice of the ’686 Patent;
- Products that are alleged to practice the asserted patents;
- Financial information on the accused products;
- Royalty base and royalty rates to the extent relevant;
- Patent licensing practices and activities to the extent relevant;
- The value of the ’686 Patent;
- The extent to which Defendants had knowledge of the ’686 Patent and of its alleged infringement of that patent.

The parties do not propose conducting fact discovery in phases or limiting discovery to particular issues. The parties do propose staggering the cut-off for fact discovery and expert discovery to allow the parties’ experts adequate time to analyze fact discovery in preparing expert reports and conducting expert depositions.

***Requests for Production:*** The parties agree that only the limits in the Federal Rules of Civil Procedure should apply to requests for production.

***Interrogatories:*** The parties agree to adopt the limits set forth in the Federal Rules of Civil Procedure.

***Requests for Admission:*** The parties agree that only the limits in the Federal Rules of Civil Procedure should apply to requests for admission.

***Depositions:*** The parties agree that depositions shall proceed in accordance with the timing, limitations, and requirements set forth in the Federal Rules of Civil Procedure, including Fed. R. Civ. P. 30. To the extent interpretation is needed, deposition time requiring a translator shall count against these limits at 66% of the actual time. For example, 1 hour on the record with a translator will count as 40 minutes against hours limits. The parties agree to meet and confer as necessary to the extent it becomes evident that the presumptive limits under the Federal Rules of Civil Procedure should be otherwise adjusted.

***ESI:*** The parties anticipate the disclosure and discovery of electronically stored information ("ESI"). As such, the parties intend to submit a proposed ESI order by April 15, 2026.

***Protective Order:*** The parties agree to submit a proposed Protective Order to govern the exchange of confidential business and other proprietary and sensitive information. The parties intend to submit a proposed Protective Order by April 15, 2026.

**K. DISCOVERY CUT-OFF**

**Plaintiff:** December 23, 2026.

**Defendants:** December 23, 2026

**L. EXPERT DISCOVERY**

**Plaintiff:** February 22, 2027

**Defendants:** February 22, 2027

**M. DISPOSITIVE MOTIONS**

While the identity of future specific dispositive motions is largely unknown at this time, the parties contemplate filing summary judgment motions before or on the deadline proposed in **Exhibit A**.

**N. SETTLEMENT CONFERENCE / ALTERNATIVE DISPUTE RESOLUTION ("ADR")**

The parties have previously engaged in settlement talks and plan to continue those discussions. These discussions include a proposal by Plaintiff for Defendants to gather and produce sales information regarding the products here accused of infringement to help further a potential out of court resolution of the matter.

The parties have reviewed L.R. 16-15.4 regarding suggested ADR procedures and prefer proceeding by settlement conference before a magistrate judge of this Court.

Additionally, the parties have agreed to conduct a settlement conference or mediation by June 16, 2027.

**O. TRIAL ESTIMATE**

**Plaintiff:**

Pursuant to Fed. R. Civ. P. 38(c), the Haptix requests a trial by jury on all issues so triable. The parties expect trial to last 5 court days.

Due to the early nature of the case, Haptix do not yet know for certain the number of witnesses it contemplates calling.

**Defendants:**

Defendants agree that trial is likely to last approximately five (5) court days. Due to the early stage of the case, Defendants are presently unable to estimate the number of witnesses they may call at trial.

**P. TRIAL COUNSEL**

**Plaintiff:** Plaintiff will be represented at trial by Nathaniel L. Dilger, Peter R. Afrasiabi, and Joseph K. Liu of One LLP.

**Defendants:** Defendants will be represented at trial by David J. Tsai, John Steger, and Jeffrey D. Wexler of Pillsbury Winthrop Shaw Pittman LLP.

**Q. INDEPENDENT EXPERT OR MASTER**

The Parties do not believe that an Independent Expert or Master is necessary.

**R. TIMETABLE**

*See* **Exhibit A**.

**S. OTHER ISSUES**

***Foreign discovery:*** The Parties anticipate that discovery may need to be taken from witnesses abroad. For example, it appears that certain employees of Defendants involved in the development of the accused products may be located abroad. The parties agree to work cooperatively to schedule any necessary depositions of witnesses abroad, including the possibility of agreeing to conduct them virtually.

***Email service:*** Under Fed. R. Civ. P. 5(b)(2)(F), the parties consent to accept e-mail service of all papers, including discovery and papers generated during motion practice, and to treat service by e-mail as hand-delivery under the rules.

**T. <u>PATENT CASES</u>**

*See* **Exhibit A** for further deadlines.

**U. <u>WHETHER THE PARTIES WISH TO HAVE A MAGISTRATE JUDGE PRESIDE:</u>**

The Parties do not presently consent to trial before a Magistrate Judge under 28 U.S.C. § 636(c).

Dated: March 13, 2026

**ONE LLP**

By: */s/ Peter R. Afrasiabi*
Peter R. Afrasiabi
Nathaniel L. Dilger
Joseph K. Liu

*Attorneys for Plaintiff,*
*Haptix Solutions LLC*

Dated: March 13, 2026

**PILLSBURY WINTHROP SHAW PITTMAN LLP**

By: */s/ David J. Tsai*
David J. Tsai

*Attorneys for Defendants,*
*MSI Computer Corp., and Micro-Star International Co., Ltd.*

## ATTESTATION PURSUANT TO LOCAL RULE 5-4.3.4(2)(i)

Pursuant to Local Rule 5-4.3.4(2)(i), I, Peter R. Afrasiabi, attest that all other signatories listed and on whose behalf the filing is submitted concur in this filing's content and have authorized this filing.

Dated: March 13, 2026

**ONE LLP**

By: */s/ Peter R. Afrasiabi*
Peter R. Afrasiabi
Nathaniel L. Dilger
Joseph K. Liu

*Attorneys for Plaintiff,*
*Haptix Solutions LLC*